UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES M. ZIMMERMAN,

    Petitioner,

v.                                                CASE NO. 5:16-cv-659-Oc-02PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS and
FLORIDA ATTORNEY GENERAL,

    Respondents.
_____/

**O R D E R**

Before the Court is Petitioner's Motion to Vacate (Dkt. 22) the judgment entered July 18, 2019 (Dkt. 17). The Court's order of that same date denied the Amended Petition filed pursuant to 28 U.S.C. § 2254 (Dkt. 5). Dkt. 16. Relying on Rule 60(b)(3) of the Federal Rules of Civil Procedure, he claims that this Court impermissibly relied on false information regarding the DNA evidence used to convict him in state court. Dkt. 22 at 12.

Rule 60(b)(3) allows a party to seek relief from a final judgment, and request reopening of the case, on the basis of fraud, misrepresentation, or misconduct by an opposing party. Rule 60(b) may not be used, however, to

reopen a final habeas judgment unless the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding." *Gonzalez v. Crosby*, 545 U.S. 532, 532 (2005).[1] Fraud on the federal habeas court constitutes that type of defect. *Id*. at 532 n.5.

Petitioner contends that the state committed fraud when at trial the prosecutor withheld exculpatory DNA evidence taken by a nurse and then relied instead on other false DNA evidence to convict. Dkt. 22 at 5-7. The other false DNA evidence was allegedly provided by a county forensic DNA technician and an FDLE forensic witness at trial. The alleged fraud here, as in *Gonzalez*, was perpetrated on a state court, not this Court in these habeas proceedings.[2] As such, Petitioner has not satisfied the fraud exception under Rule 60(b)(3). In any event, in the habeas ruling, this Court found that in addition to the DNA evidence, the

---

[1] A clerical error in the judgment will also permit reopening. *See also Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1277–78 (11th Cir. 2004) (en banc), *aff'd on other grounds sub nom.*, *Gonzalez v. Crosby*, 545 U.S. 524 (2006).

[2] In *Gonzalez*, the petitioner Mobley alleged that perjured testimony was given at his sentencing after retrial, which he claims resulted in the jury returning a death sentence. *Gonzalez v. Sec'y,* 366 F.3d at 1282-84. According to Mobley, the testimony destroyed his chances of mitigation because the former prosecutor should have truthfully testified he advised the victim's family that life without parole was not an option. *Id*. at 1282–84. The Eleventh Circuit held that the alleged fraud was committed, if at all, on the state court and not the federal court in a habeas proceeding, thereby precluding relief from the habeas judgment. *Id*. at 1284–85.

victim made a positive identification and Petitioner made inculpatory statements in a taped phone call. Dkt. 16 at 2, 17, 24, 31.

Petitioner did raise in his amended petition the inadequacy of the DNA as it pertained to his allegedly ineffective counsel. Dkt. 16 at 9 ("issue of DNA . . . consumes much of Petitioner's supporting memorandum"). Rule 60(b) is not, however, a tool to relitigate claims in a habeas that have already been presented or to raise grounds that could have been raised in the petition. *See Thomas v. Florida*, 706 F. App'x 653, 654–55 (11th Cir. 2017) (affirming district court for construing petitioner's 60(b)(3) motion as impermissible successive § 2254 petition and for dismissing for lack of jurisdiction) (citing *Franqui v. Florida*, 638 F. 3d 1368, 1371–72 (11th Cir. 2011) and other cases).[3] After review, the Court does not construe this motion as an attempt to file a successive motion.

Considering the motion on its face as one filed under Rule 60(b)(3), Mr. Zimmerman has failed to show the fraud exception applies. The allegations do not seek to remedy a fraud agents of the government perpetrated on this federal

---

[3] *See also Williams v. United States*, No. 8:02-cv-1605-24EAJ, 2008 WL 11410074, at *3–4 (M.D. Fla. Dec. 8, 2008) (dismissing Rule 60(b)(3) as impermissible successive § 2255 motion).

court. Accordingly, it is therefore **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate (Dkt. 22) is denied.

**DONE AND ORDERED** at Tampa, Florida, on September 30, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record and Petitioner, *pro se*